ROBINSON v. MUD SLOUGH DRAINAGE DISTRICT No. 1.

Opinion delivered June 13, 1927.

1. DRAINS—SUFFICIENCY OF PETITION AND ORDER CREATING DISTRICT.—A petition for creation of a drainage district and an order creating it, need not expressly declare that the proceedings were under the alternative system, provided in Crawford & Moses' Dig., § 3607 *et seq.*, and amendment (Gen. Acts 1921, p. 388), where such fact appears from the proceedings themselves as set forth in the complaint to enjoin further proceedings under the order.

2. DRAINS—SUFFICIENCY OF PETITION.—The fact that a petition for the creation of a drainage district and the order creating it set forth with more particularity than required by law a description of the land to be embraced within the district and the improvements contemplated does not render the original petition and court order based thereon void.

Appeal from Greene Chancery Court; *J. M. Futrell,* Chancellor; affirmed.

*Jeff Bratton,* for appellant.

*D. G. Beauchamp,* for appellee.

WOOD, J. The plaintiffs filed a complaint in the chancery court of Greene County, for the benefit of themselves and all others similarly situated, against the defendants, the Mud Slough Drainage District No. 1 of Greene County, Arkansas, and its commissioners. The complaint alleged in substance that the plaintiffs were the owners of real estate situated in the district; that the defendants, Donaldson, Bridgers and Bertig, had been appointed commissioners of the district and were acting as such. Plaintiffs set forth the original petition filed in the county court, signed by certain landowners of

the district, petitioning for the creation of the district, in which petition is set forth the description of the lands to be embraced in the district and the improvements to be made. With the petition was filed a bond, as required by § 3607 of C. & M. Digest, to pay for the expenses of the survey of the proposed district in case the district was not formed.

The complaint then sets out the order of the county court appointing an engineer to survey the lands described in the petition for the creation of the district, and directing him to give bond, make his survey, and report to the court. The complaint alleged that the engineer so appointed entered into a bond as required by law and went upon the lands, made the survey, and filed his report with the county court. The complaint then set out his report. The complaint alleges that, upon the filing of this report, the court made an order directing the clerk to give notice to all persons to appear before the court on a certain day, as required by statute, to show cause in favor of or against the establishment of the district. The complaint then alleged that the notice was given as required by law, and sets forth the notice; that, on the day set for the hearing of the petition, the county court of Greene County granted such petition and entered of record an order reciting the various steps that had been taken, and finding that these steps were as required by law, together with the order of the county court creating the district and the appointing of the commissioners.

The complaint then alleged that the commissioners duly qualified as such and entered upon their duties, and that they proceeded to carry out the improvements contemplated by the district, pursuing all steps as required by law. The complaint in detail sets out the steps that were thereafter taken by the commissioners as required by law, alleging that they formed plans and estimates for the district, that the county court adopted these plans, and that the commissioners went upon the

lands and assessed the benefits. The complaint alleged that the commissioners filed the report of the assessment of benefits, and gave notice as required by law to the landowners within the district to appear on a certain day named in the notice to present objections, if any, to the assessment of benefits; that the assessment of benefits as made by the commissioners was duly confirmed, and that these assessments became a cloud on plaintiffs' title to the real estate owned by them in the district; that the order of the court creating the district was void for the reason that the petition filed for the creation of the district "is so indefinite and uncertain as to the law under which the district is sought to be organized and established that the notice of the hearing did not give the court jurisdiction to hear and establish the district as it attempted to do. Plaintiffs allege that the defendants, the commissioners of the district, were seeking to sell bonds to the amount of $50,000 and to let a contract for the cutting of the ditch, and, if not restrained, would do so. The prayer of the complaint was that the order creating the district be declared null and void and the commissioners and officers of the district be enjoined from further proceeding under the order of the court creating the district, and for all proper relief.

The defendants demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The court sustained the demurrer. The plaintiffs refused to plead further, and stood upon their complaint. The court thereupon entered a decree dismissing the complaint for want of equity, from which is this appeal.

A careful examination of the original petition and all of the proceedings thereunder, as set forth in the complaint, demonstrates that the petitioners and the county court proceeded to create the drainage district in controversy under the alternative system of drainage districts, as provided in chapter No. 51 of Crawford & Moses' Digest, §§ 3607 *et seq.* and the amendments

thereto.   See act 123 of the General Acts of 1921, page 388.

The only objection urged in the complaint and by counsel for appellants here to the creation of the district is that it does not appear in the petition or the order of the county court creating the district whether the proceedings creating the district were under what is designated in the statute as the "alternative system of drainage districts," *supra*.   It was wholly unnecessary for the petitioners and the county court to expressly declare in the petition or in the order creating the district that the proceedings were under the alternative system of drainage districts as set forth in C. & M. Digest, *supra*.   The fact conclusively appears from 'the proceedings themselves, as set forth in the complaint. It certainly does not render the original petition for the creation of the district and the order of the court based thereon invalid because the petition sets forth, with more particularity than is required by the law under which the district is formed, a description of the lands to be embraced within the district and the improvements contemplated.

The court ruled correctly in declaring that the complaint does not state a cause of action, and in entering its decree dismissing the same. The decree is therefore affirmed.